IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lisa M. Edenfield, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:13-448-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on May 15, 2014, recommending that the Commissioner's decision be affirmed. (Dkt. No. 27). Plaintiff filed objections to the R & R and the Commissioner filed a reply. (Dkt. Nos. 29, 30). After a careful review of the record, the decision of the Administrative Law Judge ("ALJ"), Plaintiff's objections, the Commissioner's reply and the applicable legal standards, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner.

**Legal Standards**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

Plaintiff applied for disability insurance benefits on January 25, 2010, asserting that she had been disabled since June 30, 2005, because of chronic pain associated with fibromyalgia, back abnormalities and osteoarthritis. After conducting an administrative hearing, in which Plaintiff and a vocational expert testified, the ALJ issued a decision on October 14, 2011, finding that Plaintiff had "severe" impairments under the Social Security Act relating to fibromyalgia,

back disorders and osteoarthritis but nonetheless retained the residual functional capacity to perform light work. Transcript of Record ("Tr.") at 18-23. Further, based on the testimony of the vocational expert, the ALJ found that there was a significant number of jobs in the national economy that Plaintiff could perform despite her functional limitations and she was, consequently, not disabled under the Social Security Act. *Id.* at 24-25.

In reaching these conclusions, the ALJ referenced the records of a number of Plaintiff's treating physicians, who documented Plaintiff's clinical condition and treatment concerning her complaints of pain and the related conditions. Tr. 20-23. These medical records confirmed the presence of certain abnormalities but also tended to reflect that Plaintiff remained physically active and that her pain was not functionally disabling. Tr. 204, 208, 209, 227, 232, 330, 332, 335, 338, 341, 365, 373, 374, 403. The ALJ specifically addressed the responses provided by one of Plaintiff's treating physicians, Dr. Stanley Smith, to a questionnaire provided by Plaintiff's counsel, which described physical limitations far greater than he or the other treating physicians had previously documented in their records. Tr. 503-04. The ALJ accorded "less weight" to the opinions of Dr. Smith expressed in the questionnaire because they were not supported by "the majority of the medical evidence." Tr. 23.

Plaintiff appealed the adverse agency decision to this Court, arguing that the ALJ had failed to accord proper weight to the opinions offered by Dr. Smith as a treating physician, explain adequately the residual functional capacity findings, or conduct a proper credibility analysis. The Magistrate Judge, in a thorough and well reasoned R & R, considered each of Plaintiff's objections, found them to be without merit and concluded that the Commissioner's decision should be affirmed because it was supported by substantial evidence. (Dkt. No. 27).

Plaintiff thereafter filed objections to the Report and Recommendation, essentially rearguing these same points.

Finding that the R & R accurately sets forth the factual record in this matter, properly sets forth the controlling legal principles, and correctly concludes that the decision of the Commissioner is supported by substantial evidence, the Court adopts the R & R as the order of this Court and affirms the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

June 20, 2014
Charleston, South Carolina